## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **PERCY UTLEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:20-cv-1907** |
| | § | |
| | § | |
| **CITY OF HOUSTON, TEXAS;** | § | |
| **POLICE CHIEF ART ACEVEDO,** | § | |
| **Individually, and JOHN DOE** | § | |
| **OFFICERS, Individually,** | § | |
| **Defendants.** | § | |

### DEFENDANT POLICE CHIEF ART ACEVEDO'S OPPOSED MOTION TO DISMISS PLAINTIFF'S AMENDED ORIGINAL COMPLANT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant POLICE CHIEF ART ACEVEDO ("Chief Acevedo" or "the Chief") files this Opposed Motion to Dismiss Plaintiff's First Amended Original Complaint and Request for Class Action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Chief Acevedo would respectfully show the Court as follows:

# TABLE OF CONTENTS

_Toc55465220

I.    Statement of the Nature and Stage of Proceeding.......................................................1

II.    Statement of Issues, Summary of Argument and Standard of Review.................1

   A.    Statement of Issues to be Ruled Upon by the Court...........................................1

   B.    Summary of Argument .........................................................................................2

   C.    Standard of Review for Rule 12(b)(6)................................................................2

III.    Argument and Authorities........................................................................................4

   A.    Plaintiff's §1983 Claims Against Chief Acevedo Fail as a Matter of Law........4

   B.    Conclusion ...........................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001) ........ 4

*Arnold v. Williams*, ___ F.3d ___, 2020 WL 6298043 (5th Cir. Oct. 23, 2020) ................ 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 2, 3, 5

*Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012) ................................................................ 5

*Baker v. Putnal*, 75 F.3d 190  (5th Cir. 1996) .................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 2, 3, 4

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ............................................ 4

*Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ................................... 4

*Casanova v. City of Brookshire*, 119 F.Supp.2d 639 (S.D. Tex. Sept 7, 2000) ................ 6

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) ........................ 4

*Goodman v. Harris County*, 571 F.3d 388 (5th Cir. 2009) ............................................... 7

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) .................................................................. 3, 4

*Jackson v. City of Hearne, Tex.*, 959 F.3d 194 (5th Cir. 2020) ........................................ 4

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ......................................................... 2

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) .................................................................. 3

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ................... 3

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ...................................................................... 2

*Reichle v. Howards*, 566 U.S. 658 (2012) ......................................................................... 4

*Roberts v. City of Shreveport,* 397 F.3d 287 (5th Cir. 2005) ............................................ 5

*Rojero v. El Paso County*, 226 F.Supp.3d 768 (W.D. Tex. Apr 28, 2016) ........................ 4

*Taylor v. Books A Million, Inc.,* 296 F.3d 376 (5th Cir. 2002) ..................................... 3, 4

*Thompson v. City of Starkville*, 901 F.2d 456 (5th Cir. 1990) ...................................... 5, 6

*Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983) ............................................................ 5

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003)... 3

*Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) ............................................................................................................................... 5

**Statutes**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 2

Fed. R. Civ. P. 8(a)(2) ........................................................................................................ 2

## I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

1.   This civil rights lawsuit stems from Plaintiff's arrest on or about May 29, 2020 in Houston, Texas [Doc. #11]. Plaintiff alleges that unknown Houston Police Officers violated his First, Fourth and Fourteenth Amendment rights when they arrested him while he participated in the protests over George Floyd's death [*Id.*, ¶¶ 31-36].

2.   Plaintiff filed this lawsuit on May 30, 2020, naming the City of Houston ("City") as the sole defendant [Doc. #1]. The City timely filed its Rule 12(b)(6) motion to dismiss [Doc. #10]. Instead of responding to the City's motion, Plaintiff filed his First Amended Complaint ("Amended Complaint") on October 19, 2020 naming Chief Acevedo, in his individual capacity, as a defendant [Doc. #11].

3.   Plaintiff's Amended Complaint makes a single conclusory allegation against the City, claiming that "the City of Houston, through the Mayor, Chief of Police and other police hierarchy had a plan to arrest the protestors without probable cause making the City liable under *Monell*" and nothing more [Doc. #11¶36]. This bare allegation fails to state any facts to establish a §1983 claim against Chief Acevedo.  As such, Plaintiff has failed to state a clam upon which relief can be granted against the Chief.  Chief Acevedo respectfully moves this Court to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6).

## II.   STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

### A.   Statement of Issues to be Ruled Upon by the Court

4.   The issue to be ruled upon by the Court is whether Plaintiff's individual claim

against Chief Acevedo failed to state a claim upon which relief can be granted?

**B.     Summary of Argument**

5.     Plaintiff's civil rights claims are barred because he has not stated a claim against Chief Acevedo for which relief is available under 42 U.S.C. §1983.  It is clear from the face of Plaintiff's pleadings that all claims against Chief Acevedo must be dismissed as a matter of law because (a) the Chief was not personally involved in Plaintiff's arrest on May 29, 2020; (b) the Chief did not implement an unconstitutional policy that caused the injuries alleged by Plaintiff; and (c) any claim against the Chief in his official capacity is no different than claims against the City itself. Thus, all of Plaintiff's claims against Chief Acevedo, including the class claim, should be dismissed as a matter of law.

**C.     Standard of Review for Rule 12(b)(6)**

6.     If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *and see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 566 U.S. at 678-679. Thus, "dismissal is appropriate only if the

2

complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'"
*Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7.     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

8.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Ashcroft*, 556 US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

9.     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

## III.    ARGUMENT AND AUTHORITIES

### A.    Plaintiff's §1983 Claims Against Chief Acevedo Fail as a Matter of Law

10.    Chief Acevedo asserts that he is immune from suit and therefore, not liable because he is cloaked by qualified immunity. Qualified immunity shields the Chief "from civil damages liability unless [he] violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

11.    The "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the

4

harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, ___ F.3d ___, 2020 WL 6298043 (5th Cir. Oct. 23, 2020) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) (citation omitted).  Plaintiff, in this case, has not met the pleading standard necessary to subject Chief Acevedo to the burdens of litigation.

12**.     No Personal Involvement**. The claims against Chief Acevedo fail because Plaintiff failed to allege facts which show the Chief had personal involvement in any unconstitutional conduct at issue in this case.  "Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Thompson v. City of Starkville*, 901 F.2d 456, 469 n.13 (5th Cir. 1990) (plaintiff invoking §1983 must plead specific facts that, if proved, would overcome the individual defendant's qualified immunity defense as complaints containing conclusory allegations, absent reference to material facts will not survive a motion to dismiss). A supervisory municipal official, like the Chief here, may only be held liable when he "affirmatively participates in acts which cause a constitutional deprivation, or implements an unconstitutional policy that causally result in the plaintiff's

injuries." *Casanova v. City of Brookshire*, 119 F.Supp.2d 639, 660 (S.D. Tex. Sept 7, 2000) (citing *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

13.     Here, Plaintiff's Amended Complaint is barren of any factual allegations which plausibly show personal involvement of Chief Acevedo in any constitutional deprivation alleged in this lawsuit [Doc. #11]. Plaintiff does not contend that the Chief was called out to the scene of Plaintiff's arrest, that the Chief provided direction to any Houston Police Officer to arrest Plaintiff or that the Chief was even aware of Plaintiff's arrest. Instead, Plaintiff only alleges that the City of Houston, through Chief Acevedo, had a plan to unlawfully arrest protestors and nothing more [Doc. #11, ¶36]. Other than pure speculation, this alleged "plan" does not establish actual, affirmative personal involvement by the Chief in any unconstitutional conduct at the time of Plaintiff's arrest. Because there are no pleading allegations which evidence that Chief Acevedo personally participated in any unconstitutional conduct, Plaintiff's Amended Complaint fails to meet the standard necessary to support a claim for relief against the Chief and Plaintiff's claims against Chief Acevedo should be dismissed as a matter of law. *See Thompson*, 901 F.2d at 469 n.13.

14.     **No Implementation of Any Unconstitutional Policy.** Additionally, Plaintiff's Amended Complaint fails to support a claim against Chief Acevedo because there are no factual allegations evidencing that he implemented any unconstitutional policy which caused Plaintiff's constitutional deprivation [Doc. #11]. He rather, only makes a conclusory claim that there was a "plan," which does not establish the existence of a municipal policy or a policy at all.  The "description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts."

*Pena v. City of Rio Grande*, 879 F.3d 613, 622 (5th Cir. 2018) (citation omitted). In short, Plaintiff's unsubstantiated assertions, improbable inferences and unsupported speculation are not sufficient to overcome Chief Acevedo's qualified immunity defense. Plaintiff has therefore, failed to carry his burden of specifically identifying a policy implemented by Chief Acevedo that allegedly caused a violation of his constitutional rights. Plaintiff has failed to state a claim against Chief Acevedo for which relief can be granted and his claims against the Chief should be dismissed as a matter of law.

15.    **Official Immunity**. Even though Plaintiff seeks to bring a claim against Chief Acevedo in his individual capacity, his factual allegations indicate that the claim against the Chief is in his official capacity. "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell v. Depart. of Social Svcs.*, 436 U.S. 658, 691–95 (1978)). Thus, any official capacity-suit against Chief Acevedo would be subsumed within the identical claims against the City. *Id.* at 396. In the event that Plaintiff's claims against Chief Acevedo in his official capacity, such should be dismissed as a matter of law.

**B.    Conclusion**

16.    For the reasons stated above, the Plaintiff has failed to state a claim upon which relief can be granted against Chief Acevedo. Accordingly, the Chief is entitled to dismissal of all of Plaintiff's claims against it as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant POLICE CHIEF ART ACEVEDO requests that this Court grant his motion to dismiss and grant all other relief to which this defendant is entitled.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

KELLY DEMPSEY
Section Chief, Torts/Civil Rights

Date: November 5, 2020.   By:   */s/ Jennifer F. Callan*
                                JENNIFER F. CALLAN
                                Senior Assistant City Attorney
                                SBN: 00793715
                                FBN: 22721
                                Phone: (832) 393-6286 (direct)
                                Jennifer.Callan@houstontx.gov

                                CITY OF HOUSTON LEGAL DEPT.
                                P.O. BOX 368
                                Houston, Texas 77001-0368
                                Tel: (832) 393-6491
                                Fax: (832) 393-6259

                                ATTORNEYS FOR DEFENDANTS
                                CITY OF HOUSTON AND CHIEF
                                ACEVEDO

## CERTIFICATE OF WORD COUNT

I certify that the word count for this motion, excluding case caption, table of content, table of authorities, signature block and certificates, is 2101.

                                */s/ Jennifer F. Callan*
                                Jennifer F. Callan

## CERTIFICATE OF CONFERENCE

I certify that on October 30, 2020, undersigned counsel conferred with Plaintiff's counsel via email regarding the City's Motion to Dismiss.  Undersigned counsel did not receive a response to the email. As a result, undersigned counsel presumes that said motion is opposed by Plaintiff's counsel.

*/s/ Jennifer F. Callan*
Jennifer F. Callan

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

Randall L. Kallinen
Kallinen Law, PLLC
511 Broadway Street
Houston, Texas 77012

*/s/ Jennifer F. Callan*
Jennifer F. Callan